# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAUN BISHOP, Fresno Police Detective Badge No. 1313; ARMOND FRENCH, Police Detective No. P735; and FRESNO COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendants. | Case No. 1:13-CV-01087-AWI-SMS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

### Screening Order

Plaintiff Lawrence Williams proceeds *pro se* and *in forma pauperis* in this action seeking unspecified relief based on Defendants Bishop and French's opening his mail.

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

### I.   **Pleading Standards**

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

### III. Factual Allegations

Plaintiff, who is presently an inmate at the Fresno County Jail, alleges that Defendants Bishop and French seized mail addressed to Plaintiff from Plaintiff's mailbox without a warrant and without Plaintiff's knowledge or permission. Plaintiff requests damages totaling $140 million.

The allegations of the complaint fall far short of the detail and specificity necessary to evaluate whether Plaintiff's claim is cognizable. The complaint provides no context for the alleged mail theft, including the time and location of the mail seizure. The allegation that the Fresno County Sheriff's Department was aware of the seizure suggests that Plaintiff's mail was seized while he was an inmate of the Fresno County Jail, but the complaint does not say so. Nor does the complaint allege the nature of Plaintiff's claims against Defendants. It is not even clear whether the mail was being sent by or to Plaintiff, or whether the mail was personal or legal mail. As a result, the Court is unable to fully analyze the sufficiency of the claim under any particular legal theory.

### IV. Theft or Receipt of Stolen Mail (18 U.S.C. § 1708)

Although Plaintiff has submitted his complaint on a form complaint for claims pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the complaint read as if it is a claim for mail tampering. Theft of mail from any authorized repository for mail is a criminal offense punishable by a fine, imprisonment of up to five years, or both. 18 U.S.C. § 1708. A violation of Section 1708 is intended to be prosecuted by appropriate government officials and does not give rise to a private right of action.

The allegations of the complaint do not specify whether Defendants took Plaintiff's mail during his tenure as a County prisoner or in some other context. Censorship of prisoners' mail by

3

prison officials does not give rise to a violation of Section 1708. *Adams v. Ellis*, 197 F.2d 483 (5th Cir. 1952).

### V.     Violation of Plaintiff's First Amendment Rights

Prisoners possess those First Amendment rights that are not inconsistent with his or her status as a prisoner or with legitimate penological objectives of the corrections system. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). They have "a First Amendment right to send or receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995).

When evaluating regulations applicable to incoming mail, a court should apply the *Turner*[1] factors: (1) whether there is a valid, rational connection between the regulation and the interest used to justify it; (2) whether prisoners retain alternative means of exercising the right at issue; (3) the impact the requested accommodation will have on inmates, prison staff, and prison resources generally; and (4) whether the prisoner has identified easy alternatives to the regulation which could be implemented at a minimal cost to legitimate penological interests. *See Thornburgh v. Abbott*, 490 U.S. 401, 411-13 (1989); *Witherow*, 52 F.3d at 265. Regulations applicable to outgoing prisoner mail may need to further "important or substantial governmental interests unrelated to the suppression of expression," *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *limited by Thornburgh*, 490 U.S. at 413-14, but they must more closely fit the interest served that the regulations concerning incoming mail. *Thornburgh*, 490 U.S. at 412.

Different provisions apply to legal mail, that is, a prisoner's correspondence with his or her attorney.[2] Prison officials may not review prisoners' legal papers for legal sufficiency before sending them to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941). They may, however, consistent with the First Amendment (1) require that mail from attorneys be identified as such and (2) open

---

[1] *Turner v. Safley*, 482 U.S. 78 (1987).
[2] Mail from courts, public agencies and officials, civil rights groups, and news media is not legal mail and may be opened for inspection outside the prisoner's presence. *See, e.g., Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998); *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996); *Mann v. Adams*, 846 F.2d 589, 590-91 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988).

4

legal correspondence for visual inspection in the recipient/inmate's presence. *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981). (Whether prison officials also may open and visually inspect legal mail outside the prisoner's presence is unresolved in the Ninth Circuit. *See Sherman*, 656 F.2d at 528.)

Due to the minimal nature of the complaint's allegations, the Court is unable to provide any further substantive analysis. Needless to say, absent additional factual allegations, the complaint is not cognizable.

### VI.     Conclusion and Order

The complaint fails to state a claim upon which relief may be granted. The court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the Defendants he names to each violation of his rights.

Finally, Plaintiff is advised that an amended complaint must be "complete in itself without reference to the prior or superseded pleading," Local Rule 15-220.

Based on the foregoing, the Court hereby ORDERS

1.     Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;

2.     The Clerk's office shall send Plaintiff a civil rights complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

4.  If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, the action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated:  **July 23, 2013**                          **/s/ Sandra M. Snyder**
                                                  UNITED STATES MAGISTRATE JUDGE