# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHAUN BISHOP, et al.,<br><br>　　　　Defendants. | Case No. 1:13-CV-01087-AWI-SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED<br><br><br>(Doc. 5) |

On July 24, 2013, this Court screened and dismissed Plaintiff's complaint in this matter, finding its allegations insufficient to identify the claim being made. Doc. 4. On August 26, 2013, Plaintiff Lawrence Williams filed an amended complaint, alleging that an illegal search by Defendants Shaun Bishop and Armond French produced evidence used against him in a criminal case, violating the Fourth and Fourteenth Amendments to the U.S. Constitution. Doc. 5. Having screened the amended complaint, the undersigned recommends that this action be dismissed with prejudice for failure to state a claim.

## I.   Factual Allegations

On November 17, 2011, Defendants Shaun Bishop and Armond French, both Fresno police detectives, asked "Ms. Wilson," a resident of the dwelling in which Plaintiff had a room, whether she knew Plaintiff. Ms. Wilson, who was in the living room, showed Defendants a stack of envelopes addressed to Plaintiff at 2160 S. Tupman Avenue, Fresno, California, unit or apartment 102. She

///

1 also showed Defendants the room in which Plaintiff lived by himself.  In unidentified court
2 proceedings, an unidentified person identified Peoples' Exhibit 5, an envelope addressed to Plaintiff
3 from Social Security, and Peoples' Exhibit 6, an envelope addressed to Plaintiff from the Caine Law
4 Firm, as having been among the envelopes that Ms. Wilson gave to the witness.[1]

The witness further testified that, after speaking to Ms. Wilson, he or she spoke to Plaintiff's cousin, Bobby Williams, who stated that he was Plaintiff's payee, collecting checks for Plaintiff and providing him with cash.  Mr. Williams told the witness that he had a signed lease agreement for 2160 S. Tupman with the occupants being Mr. Bobby Williams, Anntanicka Wilson, and Plaintiff.

Although Plaintiff also names the Fresno County Sheriff's Department as a defendant, the complaint includes no factual allegations against it.

## II.  Discussion

The Fourth Amendment provides, in pertinent part, that "[t]he right of the people to be secure in their persons, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . . . "  The Fourth Amendment is applicable to the states through the due process clause of the Fourteenth Amendment.  *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).  No search or seizure, reasonable or unreasonable, occurred under the alleged facts.

All that Plaintiff alleges is that the Defendants questioned the other occupants of the dwelling in which Plaintiff had a room.  One occupant gave the officers a stack of Plaintiff's mail, which was in her possession, and the other occupant disclosed that he acted as Plaintiff's payee, collecting checks on Plaintiff's behalf and providing Plaintiff with cash.  Thus, the complaint alleges nothing more than a police investigation, in which Plaintiff's roommates voluntarily answered Defendants' questions and gave Defendants envelopes from Plaintiff's mail, over which the roommates represented that they had custody and control pursuant to their arrangement with Plaintiff.

Plaintiff's actual complaint is that two of the envelopes were used as evidence against him at trial.  Typically, violations of the Fourth Amendment are addressed through the exclusionary rule,
///

---

[1] Plaintiff alleges that both envelopes were "clearly . . . marked as 'legal mail,'" although the relevance of classifying the envelopes as "legal mail" is unclear outside a correctional facility.

2

which renders evidence acquired through an illegal search inadmissible.  Admissibility of the two envelopes would appropriately have been determined by the state court in which Plaintiff was tried and convicted, either by means of a motion *in limine* or an objection to the envelope's introduction in evidence.[2]  The complaint neither discloses this information nor offers any other details about the state court action in which Plaintiff was convicted.

Absent extraordinary circumstances, federal courts should refrain from interfering in pending state court proceedings.  *Younger v. Harris,* 401 U.S. 37, 49-53 (1971); *Poulos v. Caesar's World, Inc.*, 379 F.3d 654, 669 n. 4 (9th Cir. 2004).  Federal courts must abstain and dismiss the federal action if (1) state proceedings are ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994).  In the absence of unambiguous authority to the contrary, a state court is presumed to be an adequate forum in which to raise federal claims.  *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  State courts routinely determine whether to exclude evidence alleged to have been seized illegally.

Ultimately, appellate jurisdiction of state court judgments rests in the United States Supreme Court, not in the federal district court.  28 U.S.C. § 1257.  A federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment (the Rooker-Feldman Doctrine). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004).  A federal complaint must be dismissed for lack of subject matter jurisdiction if the claims raised in the complaint are inextricably intertwined with the state court's decisions so that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.  *Bianchi*, 334 F.3d at 898. Put another way, a claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it or if the relief

///

---

[2] If Plaintiff intends to allege that his trial counsel ineffectively represented him by failing to object to illegally obtained evidence, that action is also properly brought as an action in state court, not as a federal court action under 28 U.S.C. § 1983.

3

requested in the federal action would effectively reverse the state court's decision or void its ruling. *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002). The Rooker-Feldman Doctrine applies to federal "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

### III.     Conclusion and Recommendation

Plaintiff's complaint seeks review of a determination made in the course of a state criminal prosecution in the guise of a civil rights action against the police detectives who investigated the crime. This Court lacks jurisdiction to conduct such a review. Accordingly, the undersigned recommends that this action be dismissed with prejudice for failure to state a claim on which relief may be granted.

The undersigned also notes that Plaintiff has brought numerous civil rights actions in this Court. If, after its review of these findings and recommendations, the District Court elects to adopt them, Plaintiff will have brought three actions before this Court that were dismissed as frivolous or malicious, and for failing to state a claim on which relief may be granted. Pursuant to 28 U.S.C. § 1915(g), Plaintiff will then be precluded from bringing any further action in federal court *in forma pauperis* unless he "is in imminent danger of serious physical injury."

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff advised that failure to file

///

///

///

1 objections within the specified time may waive the right to appeal the District Court's order.
2 *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

6 IT IS SO ORDERED.

7 Dated: **September 5, 2013**            **/s/ Sandra M. Snyder**
8                                    UNITED STATES MAGISTRATE JUDGE